IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

VERT WASHINGTON, :
    Petitioner, :
     :
     : 6:02-CV-18(WLS)
vs. : 6:99-CR-08(WLS)
     :
     :
     :
UNITED STATES OF AMERICA, :
    Respondent. :
     :

O R D E R

    Before the Court is a Recommendation from United States Magistrate Judge G. Mallon Faircloth (Doc. #200), filed September 21, 2004. It is recommended that Petitioner's motion (Emergency Motion to Compel Specific Performance of His Plea Agreement (Doc. #185)) be denied as a second and successive § 2255 motion for which the Court lacks jurisdiction to consider without authorization from the Circuit Court. Petitioner has filed his written objection and the Government has filed its response to Petitioner's objection.

    Upon full review and consideration upon the record, the Court notes that other than restating prior arguments and contentions and arguments on the merits, Petitioner essentially disagrees with the magistrate judge's characterization of his instant motion as a § 2255 motion. Petitioner states that "[t]he pending motion is not a successive § 2255 motion..." (Petitioner's Objection, p.2.) However, as a reading of said objection shows, Petitioner is essentially seeking an opportunity to have the Court reduce his

-1-

present sentence. This fact is not altered by Petitioner's attempt to partition his efforts into apparent separate steps.

Petitioner moves the Court to compel specific performance of his plea agreement with the Government. Clearly, Plaintiff wants the Court to ultimately require the Government to file a 5k motion which in turn the Court would consider in deciding whether his sentence should be reduced for substantial assistance.

Petitioner's motion has been filed in his criminal case, clearly contemplating a review of the validity of his sentence in light of his allegation of breach of the plea agreement. Even if Petitioner filed a civil action apart from the criminal case with respect to an allegation that the plea agreement was breached, that action would run afoul of *Heck v. Humphrey, 512 U.S. 477, (1994)*, as pointed out by the Government.

A review of the history of Petitioner's filings and prior rulings by this Court and the Court of Appeals, as detailed by the magistrate judge, clearly reveals Petitioner's instant motion as still another, although different, attempt to collaterally attack his conviction and sentence. It is not the nomenclature of Plaintiff's pleading that controls the Court's consideration, but its substance. The Court agrees with the magistrate judge and finds that Plaintiff's instant motion is a successive § 2255 motion. In that Petitioner has filed, had considered and ruled on, a prior § 2255 motion, the present § 2255 motion is successive. Therefore, he must first obtain authorization of the Eleventh Circuit Court of Appeals before he may file a successive § 2255 motion and have it considered by this Court.

The Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation and makes it the order of this Court for reason of the findings made and reasons stated therein together with the reasons stated, findings made and conclusions reached herein. Accordingly, Petitioner's motion is DENIED as a successive § 2255

motion not authorized as required by the Circuit Court.[1]

SO ORDERED, this  5th  day of May, 2005.

                                                 /s/W. Louis Sands
                                                 W. Louis Sands, Chief Judge
                                                 United States District Court

---

[1] After filing his objection, Plaintiff filed a letter motion which the clerk docketed as a "motion to compel." (Doc. #205). In said motion, Plaintiff requested *inter alia* that the Court expedite the enforcement of the plea bargain. In that Plaintiff's motion (Doc. #185) has been dismissed, Plaintiff's said letter motion (Doc. # 205) is hereby DENIED as moot.